Billy W. MIRACLE, Petitioner,

v.

JACKSON COUNTY DISTRICT COURT
and the State of Oklahoma,
Respondents.

No. H–74–228.

Court of Criminal Appeals of Oklahoma.

April 10, 1974.

Billy Miracle, pro se.

Larry Derryberry, Atty. Gen., Ray L. Jones, Asst. Dist. Atty., Altus, for State.

## ORDER GRANTING WRIT OF HABEAS CORPUS AD PROSEQUENDUM

PER CURIAM.

This is an original proceeding in which Billy W. Miracle has petitioned this Court for a Writ of Habeas Corpus Ad Prosequendum, requesting a speedy trial or dismissal of the charges pending against him in the District Court, Jackson County, Oklahoma. Petitioner alleges he is presently confined in the County Jail, Potter County, Texas, and that the Sheriff of Jackson County, Oklahoma, has placed a detainer against the petitioner. Petitioner alleges further than on August 21, 1973, he requested the appointment of counsel and a speedy trial of the pending charges in Jackson County. Subsequently, petitioner filed this action seeking relief from this Court.

■ This Court has reviewed the United States Supreme Court decisions wherein the Court held a speedy trial may not be dispensed with merely because one accused under a state statute is incarcerated in another jurisdiction; that the prosecuting attorney of the demanding state must make a diligent, good-faith effort to bring the accused before the trial court. See Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607 (1969) and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970).

■ Petitioner's case differs in that two states are involved rather than federal authorities and a state, but the same rule applies. Where an Oklahoma District Attorney has a detainer against one incarcerated in a sister state on the state charge, the District Attorney must make a diligent, good-faith effort, within a reasonable time, to secure the release of the accused to the custody of Oklahoma authorities for a speedy trial or preliminary hearing. If the District Attorney is unable to secure the release of the accused for presence for trial on the date set, then the District Court should continue the trial date until such time as his presence could be secured. See Rudisill v. District Court, Second Judicial District, 169 Colo. 66, 453 P.2d 598 (1969) for a like case. Also see Renton v. State, Okl.Cr., 480 P.2d 624 (1970) wherein this Court held there has not been a diligent effort to secure the accused from the sister state unless extradition has been attempted.

■ The Jackson County District Attorney asknowledges the factual situation in petitioner's case. He should proceed as prescribed above. In the event the District Attorney of Jackson County makes a good-faith effort, through extradition or Habeas Corpus Ad Prosequendum to secure the return of the petitioner and is unable to secure his return from the State of Texas, he will have complied with the requirements of Smith v. Hooey, supra, and the authorities above set forth, and his ina-

bility to secure him from the asylum state will not, *ipso facto* require a dismissal of the charge. However, failure of the District Attorney to attempt to proceed by extradition and/or Habeas Corpus Ad Prosequendum, within a reasonable time, would require dismissal of the detainer placed against the petitioner since such failure could only be construed as a lack of due diligence in attempting to secure petitioner's return for trial or preliminary hearing.

Writ granted. It is so ordered.