**Donald Wayne WARD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-81-262.**

Court of Criminal Appeals of Oklahoma.

Jan. 31, 1983.

R. Richard Sitzman, Claremore, for appellant.

Jan Eric Cartwright, Atty. Gen., Charles S. Rogers, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Donald Wayne Ward was convicted of Robbery with Firearms, pursuant to Laws 1973, c. 76, § 1, now amended as Laws 1982, c. 173, § 2, 21 O.S.Supp.1982, § 801, in Rogers County District Court Case No. CRF–80–237. He was sentenced to serve fifteen years' imprisonment and appeals.

On September 29, 1980, at about 5:00 p.m., a lone gunman, wearing a shoulder-length blonde wig, entered Larimore Rexall Drug in Chelsea, Oklahoma. He pointed a short-barreled blue revolver at Ms. Tamela Steidley, the high-school student clerk, and demanded that all of the store's "Class A" drugs and the store's money be put into his green duffle bag. Ms. Steidley took the duffle bag to the pharmacist-owner of the store, Don Larimore, who placed narcotics valuing one-hundred dollars ($100) in the bag. Ms. Steidley then added approximately seven hundred dollars from the register to the bag and handed it back to Mr. Larimore. The robber exited the store with the duffle bag, stating as he left, "I'll pay you back, man. You can call the cops now."

Two errors are asserted on appeal. First, the appellant complains that the trial court committed reversible error in overruling his motions to suppress evidence of pretrial photographic, physical and verbal lineups, the resulting identifications at those times, and the subsequent in-court identifications of the defendant by the witnesses.

Four witnesses, Don Larimore, Tamela Jean Steidley, Floyd Geiger and Judy Seaman identified the appellant at trial as the person who robbed the Larimore Rexall Drug on September 19, 1980. The appellant objected to the identification testimony of witnesses Larimore, Steidley and Geiger on grounds that their testimony had been tainted by suggestive photographic and live lineups attended prior to trial.

Several weeks after the robbery occurred, witnesses Larimore and Steidley were shown photographs of possible suspects. Larimore identified the appellant's photograph. Ms. Steidley testified at trial that she was never shown a photo of Ward and did not make an identification for Trooper Girten on the single showing that she viewed. In direct contradiction, Officer Girten testified that he showed her photos on two separate occasions and the second time she picked out the appellant's photograph.

Four weeks later, Mr. Larimore, Ms. Steidley and Mr. Geiger rode together to view a physical lineup at the Rogers County Jail. On the way they discussed the robbery and the description of the robber. During a long wait, these witnesses were allowed an opportunity to see the appellant dressed for the lineup, sitting at a table in an adjoining room with his attorney.

Witnesses Larimore and Steidley were allowed to listen to the verbal identifications at the same time, making their identifications in each other's presence. Following the visual identification of the lineup, in which all four witnesses picked the third man from the left, the officers neglected to rearrange the sequence of the subjects before the verbal identification took place. No records were kept of the lineup procedure resulting in the failure of the conducting officers to remember little of the details of the lineups. Also no record was made of whether counsel for the appellant was present during the lineup.

It is clear that these lineups were not conducted in the manner prescribed by this Court in *Thompson v. State*, 438 P.2d 287 (Okl.Cr.1968). However, the Supreme Court has held that even an unconstitutional pretrial confrontation will not invalidate a courtroom identification that can be established as independently reliable. The trial court should have conducted a hearing outside the presence of the jury to determine whether the three witnesses, Larimore, Steidley and Geiger were capable of making an in-court identification of the appellant independent of and severable from the pretrial procedure. *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

It is our duty now to determine whether the in-court identifications of the appellant by these three witnesses were based on the suspect procedures or were based on the witnesses' memory of the crime. *Richardson v. State*, 600 P.2d 361 (Okl.Cr.1979). The United States Supreme Court in *Wade* listed several possible factors to be considered in making this determination:

> [F]or example, the prior opportunity to observe the alleged criminal act, the existence of any discrepancy between any pre-lineup description and the defendant's actual description, any identification prior to lineup of another person, the identification by picture of the defendant prior to lineup, failure to identify the

defendant on a prior occasion, and the lapse of time between the alleged act and the lineup identification. (Citations omitted, footnote omitted) 388 U.S. at 241, 87 S.Ct. at 1940.

In the present case, the relevant factors were substantially the same for all three witnesses. Each had a sufficient opportunity to observe the robbery which took place in broad daylight. The two witnesses shown a lineup were able to make unequivocal identifications and all were unwavering during the visual and verbal lineups. In addition, each witness testified that his or her in-court identification was based on memory of the crime and not any pre-trial procedures.

In consideration of all these factors, and the additional evidence that a fourth witness, Judy Seaman, who did not participate in any pre-trial lineup identifications, unequivocally identified the appellant at trial, we find no reversible error on these grounds.

■ Secondly, the appellant asserts that the trial court committed reversible error in sustaining the State's objections to certain testimony offered by the defense through an alibi witness who would have testified that he recognized the appellant's voice in the background during a telephone call to the appellant's residence in Tulsa. Ralph Hunt testified that prior to September 29, 1980, he had known the appellant for five or six months, that they were casual friends and that he had spoken to him in person "dozens" of times. He had previously spoken to him on the phone. He stated that he called the Ward residence two or three times during the afternoon of September 29, and spoke to Donnie Ward the first two times. The third time he spoke to Marty Ward, Donnie's wife. Mr. Hunt would have testified further that during the third phone call, which took place about five o'clock, he recognized the voice of Donnie Ward in the background. However, the trial court refused to allow this testimony as to the background voice into evidence, stating "I think that is stretching it a little."

We agree with the appellant that this testimony, placing the appellant at his home in Tulsa at the same time the robbery was taking place in Chelsea, should have been allowed into evidence. The trial court had already found that the witness Hunt possessed the required factual basis from which he could identify the appellant's voice. After permitting the witness to testify as to the first two phone calls, the court refused to allow him to testify as to the third phone call.

However, we disagree that this error was sufficient to cause reversal of the conviction, as the appellant asserts. Both the appellant's wife, Marty, and a woman who was with the appellant's wife during the afternoon of September 29, 1980, Maxine Pierce, testified that Donnie Ward was at home during the time of the robbery. Maxine Pierce further testified that she was not a friend of Donnie Ward's and that she did not want to testify or help him in this case because she did not like him. It is our determination that considering these facts, the testimony of Ralph Hunt would have been merely cumulative and would not have offered anything not already provided the jury. Consequently, the appellant has failed to show how he was prejudiced by the trial court's ruling; and while it was improper to exclude the testimony under these facts; it was not reversible error. *Connery v. State*, 499 P.2d 462 (Okl.Cr. 1972).

For the above stated reasons, the judgment and sentence is Affirmed.

BUSSEY, P.J., concurs in result.

CORNISH, J., concurs.