**Donna Kay HALLMARK,
Petitioner-Appellant,**

v.

**Jan Eric CARTWRIGHT, Attorney General of the State of Oklahoma; and Karen Shortridge, Superintendent of Horace Mann Community Treatment Center, Respondents-Appellees.**

**No. 84–1241.**

United States Court of Appeals,
Tenth Circuit.

Aug. 29, 1984.

R.W. Byars, Tulsa, Okl., for petitioner-appellant.

Michael C. Turpen, Atty. Gen. and David W. Lee, Asst. Atty. Gen., the State of Oklahoma, Oklahoma City, Okl., for respondents-appellees.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

This is an appeal from an order of the United States District Court for the North-

ern District of Oklahoma denying petitioner's relief sought pursuant to 28 U.S.C. § 2254.

On direct appeal and in her petition, petitioner raised the following errors: (1) denial of defense attorney's presence at a post-indictment, post-lineup interview between witnesses and police violated petitioner's sixth amendment right to effective assistance of counsel; and (2) failure of the trial court to exclude the in-court identification because of the tainted lineup without a determination of the witnesses' independent ability to identify the petitioner violated her fifth and fourteenth amendment due process rights.

Petitioner asserts that *Richardson v. State,* 600 P.2d 361 (Okla.Crim.App.1979), controls the disposition of this case. The *Richardson* court extended the right to counsel defined in *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), to include the right to have counsel present at a post-lineup interview between witnesses and police. *Richardson,* 600 P.2d at 365. Petitioner relied on *Richardson* in post-conviction proceedings in state court. The Oklahoma Court of Criminal Appeals, however, refused to apply *Richardson* retroactively.

In determining whether petitioner has been denied effective assistance of counsel in violation of the sixth amendment, this court is not bound to follow Oklahoma's interpretation of the federal constitution.

While a few states including Oklahoma, *Richardson,* and California, *People v. Williams,* 3 Cal.3d 853, 92 Cal.Rptr. 6, 478 P.2d 942 (1971), have held that a defendant has a constitutional right to have his counsel attend a post-indictment post-lineup interview, the circuits that have considered the question have declined to extend *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), to the post-lineup interview. *United States v. White,* 617 F.2d 1131, 1135 (5th Cir.1980) (citing *United States v. Banks,* 485 F.2d 545 (5th Cir.

1973), *cert. denied,* 416 U.S. 987, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974)); *United States v. Bierey,* 588 F.2d 620, 624 (8th Cir.1978), *cert. denied,* 440 U.S. 927, 99 S.Ct. 1260, 59 L.Ed.2d 482 (1979); *United States v. Tolliver,* 569 F.2d 724, 727 (2d Cir.1978) (recording of interview should be made available to defense counsel); *United States v. Parker,* 549 F.2d 1217, 1223 (9th Cir.), *cert. denied,* 430 U.S. 971, 97 S.Ct. 1659, 52 L.Ed.2d 365 (1977) (citing *Doss v. United States,* 431 F.2d 601, 603–04 (9th Cir.1970)); *United States v. Wilcox,* 507 F.2d 364, 370 (4th Cir.1974), *cert. denied,* 420 U.S. 979, 95 S.Ct. 1408, 43 L.Ed.2d 661 (1975).

We follow the other circuits in holding that petitioner's sixth amendment rights were not violated when petitioner's counsel was denied presence at the post-lineup interview. Because we find that the line-up was not constitutionally tainted, we need not address petitioner's second contention. The trial court properly denied appellant's petition.

AFFIRMED.