# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

| | |
|---|---|
| LARRY EUGENE JACKSON, | |
| Petitioner - Appellant, | No. 00-5018 |
| v. | (N.D. Oklahoma) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS; JAMES A. SHAFFER; GARY CARNALIE, Director of Mansfield Law Enforcement Center; ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | (D.C. No. CV-97-375-K) |
| Respondents - Appellees. | |

## ORDER

Filed June 26, 2001

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

This matter is before the court on appellant's petition for rehearing en banc. Appellant has filed a motion for permission to file an amended petition for rehearing en banc. The court vacates the previous Order and Judgment entered in this case on March 27, 2001, and replaces it with an amended Order and Judgment issued simultaneously herewith. The petition for rehearing and the motion for permission to file an amended petition for rehearing en banc are denied as moot,

without prejudice to the filing of a petition for rehearing from the amended Order

and Judgment.

ENTERED FOR THE COURT:
Patrick Fisher, Clerk of Court


By:
    Amy Frazier
    Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| LARRY EUGENE JACKSON, | |
| Petitioner - Appellant, | No. 00-5018 |
| v. | (N.D. Oklahoma) |
| OKLAHOMA DEPARTMENT OF CORRECTIONS; JAMES A. SHAFFER; GARY CARNALIE, Director of Mansfield Law Enforcement Center; ATTORNEY GENERAL OF THE STATE OF OKLAHOMA, | (D.C. No. CV-97-375-K) |
| Respondents - Appellees. | |

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Larry Eugene Jackson appeals from the denial of his petition for habeas relief under 28 U.S.C. § 2254. A certificate of appealability was granted, counsel was appointed, and the issues have been briefed. We affirm. [1]

## BACKGROUND

On June 11, 1992, police officers executed a search warrant at an apartment in Tulsa, Oklahoma. There were four individuals in the apartment at the time the warrant was executed, including Jackson and his girlfriend, Sandra Malone. Ms. Malone answered the door when the police arrived at the apartment and told the officers that she lived there.

The police encountered Jackson in the apartment's only bedroom, sitting on the bed. They directed Jackson to lie on the floor. After they handcuffed him and he stood up, they discovered .16 gram of marijuana on the floor very near Jackson's leg. The police also found a triple-beam balance scale in the bedroom closet, and, on top of the bedroom dresser, a syringe and spoon that was bent and burnt at the bottom.

---

[1]This case has not enjoyed a smooth journey on appeal. We have issued two orders and judgments, which were withdrawn following petitions for rehearing. The result has never changed, however, nor has it in this order and judgment.

In the closet there were also several items of clothing hanging in plastic bags with dry cleaner receipts bearing Jackson's name. The closet contained other items of clothing, some male and some female. The police discovered documents containing Jackson's name in a dresser drawer. One such document contained Jackson's name and the address of the apartment. The officers also found a lease for the apartment, showing it to be leased to a Don Roland.

Jackson was charged with possession of marijuana after former conviction of two or more felonies, and possession of drug paraphernalia. Okla. Stat. tit. 22, § 860 provides for a bifurcated proceeding where a "defendant is prosecuted for a second or subsequent offense, except in those cases in which former conviction is an element of the offense." Jackson was charged under Okla. Stat. tit. 63 § 2-402(B)(2) which makes a "second or subsequent" possession of marijuana a felony with an enhanced sentence. The prior drug offense is not an element of that crime. See Gamble v. State, 751 P.2d 751, 753 (Okla. Crim. App. 1988). It is only utilized in sentencing for determining punishment. Hence, the entire criminal proceeding is bifurcated—in the guilt-innocence phase, the jury determines whether the defendant possessed marijuana without any reference to prior convictions, and in the sentencing phase, it assesses punishment with reference to prior convictions. Accordingly, Oklahoma law forbids the

introduction of evidence of the prior conviction in the guilt-innocence phase of a prosecution under § 2-402(B)(2).

Nonetheless, at Jackson's trial, the prosecution introduced evidence of Jackson's prior convictions, including a prior conviction for possession of marijuana. Jackson did not object. Also at trial, Jackson's counsel explained in his opening argument that he intended to call Ms. Malone as a defense witness. He indicated she would testify that she lived at the apartment and that Jackson only came to visit. When the time came to call her, she apparently could not be located, so the defense rested. When she appeared in the courtroom a short time later, the court refused Jackson's motion to reopen the case.

Following a brief trial, the jury found Jackson guilty on both charges and sentenced him to life imprisonment on the possession of marijuana, subsequent offense, charge and one year on the possession of drug paraphernalia charge.

Jackson appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), arguing insufficiency of the evidence, error in the denial of his motion to reopen the case, and other issues not relevant to this appeal. The OCCA affirmed his conviction.

On November 8, 1996, Jackson filed a petition for post-conviction relief in state district court, arguing, *inter alia*, ineffective assistance of appellate counsel for failing to raise various issues on direct appeal, including a claim of error in

the introduction of evidence of Jackson's prior marijuana conviction during the guilt-innocence phase of his trial, [2] denial of Jackson's motion to reopen the case to permit Sandra Malone to testify, and other state law violations. The state district court held that Jackson's claims were procedurally barred and that his appellate counsel was not ineffective. He appealed that denial to the OCCA, which affirmed the state court's denial of his petition for post-conviction relief.

Jackson filed a second application for post-conviction relief on October 14, 1998, arguing that his sentence for possession of marijuana was illegal. The state district court denied his application and the OCCA affirmed. On April 12, 2001, Jackson filed a third post-conviction application, arguing that evidence of prior convictions was improperly introduced in the guilt-innocence phase of his trial, and that his appellate counsel was ineffective in failing to raise this claim. The state district court held those issues procedurally barred.

---

[2]Jackson's application for post-conviction relief stated as follows, under the heading "CLAIM TWO Counsel Deficiency": "The petitioner would further argue that the court erred by allowing the state to introduce evidence of a prior conviction during the guilt-innocence phase of trial." Application for Post-Conviction Relief at 9. After arguing that the court erred in permitting the introduction of that evidence, Jackson concluded this section of his brief with the following: "Surely, in this instance, appellate counsel's conduct was 'unreasonable considering all the circumstances, and so undermined the proper functioning of the adversarial process that the trial review cannot be relied on as having produced a just result.'" Id. at 13 (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).

This federal habeas petition was filed by Jackson on April 21, 1997, contending: (1) the evidence was insufficient to support his conviction; (2) the trial court abused its discretion in denying his motion to reopen the case to present Ms. Malone as a defense witness; (3) his sentence was illegal and constituted cruel and unusual punishment because it was doubly enhanced; (4) his appellate counsel was ineffective in failing to raise on appeal (a) an improper jury instruction under the authority of Flores v. State , 896 P.2d 558 (Okla. Crim. App. 1995); (b) the introduction of evidence of the prior conviction during the guilt-innocence phase; and (c) the double enhancement of his sentence; and (5) the application of procedural bar to the Flores issue violates state law and due process. The district court denied his habeas petition, concluding that: Jackson's claim that his sentence was illegal is procedurally barred; his claims alleging insufficiency of the evidence, erroneous denial of the motion to reopen the case, and ineffective assistance of appellate counsel do not warrant relief under § 2254(d); and his claim arising out of imposing a procedural bar on the Flores issue was meritless.

Jackson argues on appeal that: (1) the state courts unreasonably applied Jackson v. Virginia , 443 U.S. 307, 319 (1979) in determining that there was sufficient evidence linking him to the marijuana found on the bedroom floor, as required to support a conviction for possession in Oklahoma; (2) the state courts

denied Jackson due process by refusing to allow him to reopen his case to present his only defense witness, who would have testified that Jackson did not live at the apartment where the marijuana was found; and (3) Jackson was denied the effective assistance of appellate counsel where appellate counsel did not raise the violation of Okla. Stat. tit. 22, § 860.

**DISCUSSION**

We begin by agreeing with the district court that Jackson's claims have been exhausted for purposes of habeas review. Our standard of review in a case, like this one, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), depends upon whether the state court addressed Jackson's claims on the merits. "If the claim was not heard on the merits by the state courts, and the federal district court made its own determination in the first instance, we review the district court's conclusions of law de novo and its findings of fact, if any, for clear error." Elliott v. Williams, 2001 WL 473979 at *1 (10th Cir. May 4, 2001) (quotation omitted).

If the habeas petitioner's claims were adjudicated on their merits, the petitioner "will not be entitled to habeas relief unless [he] can establish that the state court determination of [his] claims was contrary to, or an unreasonable application of, clearly established Supreme Court precedent, or was an

unreasonable determination of the facts in light of the evidence." Romano v. Gibson, 239 F.3d 1156, 1163 (10th Cir. 2001) (citing 28 U.S.C. §§ 2254(d)(1) and (2)). Thus, under § 2254(d)(1), "a federal court may grant a writ of habeas corpus only if the state court reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case." Walker v. Gibson, 228 F.3d 1217, 1225 (10th Cir. 2000), petition for cert. filed, (April 18, 2001) (No. 00-9558); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court decision is an "unreasonable application" of federal law "if the state court identifies the correct legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

With respect to Jackson's first two claims, concerning sufficiency of the evidence and the refusal to reopen his case to present a defense witness, we conclude that the district court reviewed the evidence presented at trial and

correctly determined that Jackson had not satisfied the standard set out in § 2254(d). We accordingly affirm on those issues for substantially the same reasons set forth in the district court's January 12, 2000, order.

Jackson's ineffective assistance of counsel claim has been the more problematic one. Jackson argues that his appellate counsel was ineffective in failing to argue in his direct appeal that it was a violation of Okla. Stat. tit. 22, § 860 for the court to permit the introduction, during the guilt-innocence phase of the trial, of Jackson's prior conviction for marijuana possession.

Because our standard of review depends on whether the state courts addressed this issue, we first examine that question. We have carefully examined the pleadings and other materials filed by Jackson in the state courts following his conviction. In his first application to the state district court for post-conviction relief, Jackson clearly raised the issue of ineffectiveness of appellate counsel in connection with the admission of his prior marijuana possession conviction. He raised it in his appeal to the OCCA from the denial of that application. What is less clear is whether the lower state court or the OCCA actually addressed the issue in their dismissal of his application and subsequent affirmance of that dismissal.

Neither the state district court nor the OCCA described this issue clearly in their recitations of the issues Jackson presented to them. However, the state

district court apparently recognized the existence of Jackson's general claim of ineffective assistance of appellate counsel, as it stated the appropriate standard under Strickland v. Washington, 466 U.S. 668 (1984) and concluded: "[e]xamination of the record reveals that Petitioner's arguments fail to overcome the first tier of the *Strickland* test. Petitioner's appellate counsel acted as a reasonably competent attorney under the facts and circumstances of this case." Order at 4-5. The OCCA also briefly alluded to the claim: "Petitioner has not established how his counsel's performance was deficient under prevailing professional norms, the first of the two-pronged test for ineffective counsel." Order at 2. In view of these pronouncements, the federal district court in this case concluded that the state courts had addressed Jackson's ineffective assistance of counsel claim on its merits, and, accordingly, proceeded to determine whether the decision of the state appellate court represented an unreasonable application of the law to the facts under § 2254(d)(1). It held it did not.

In this appeal, Jackson argues that the district court erred in its determination that the Oklahoma courts addressed the particular ineffective assistance of counsel claim based upon the violation of § 860. There is some merit in this argument. The state courts' treatment of this claim was, at best, summary. There was no explanation as to why Jackson's counsel was not ineffective in failing to argue the § 860 issue, nor was there any discussion of

whether Jackson suffered prejudice under Strickland. However, we have held that "we must uphold the state court's summary decision unless our independent review of the record and pertinent federal law persuades us that its result contravenes or unreasonably applies clearly established federal law, or is based on an unreasonable determination of the facts in light of the evidence presented." Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999). Such independent review is not de novo review: "[o]ur review is in fact deferential because we cannot grant relief unless the state court's result is legally or factually unreasonable." Id.; see also Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (en banc), petition for cert. filed (March 29, 2001) (No. 00-9290) (following Aycox). Accordingly, we could independently review the state courts' summary conclusion that Jackson was not denied effective assistance of appellate counsel and determine whether that result was legally or factually unreasonable.

However, because we have some uncertainty in this particular case as to whether the state courts actually addressed this issue, given the flawed way in which they articulated Jackson's presentation of the claim, we alternatively conduct a full de novo review of the federal district court's resolution of this issue, as if the state courts had not addressed it on its merits.

The problem in this type of case is that the federal constitutional question, ineffective assistance of counsel, in turn rests entirely on a question of state, not

federal, law. In such circumstances, we do not sit as a court of review of state law except in the most narrow sense. "[F]ederal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 780 (1990). We do not sit to relitigate state court trials. Thus, in the context of an ineffective assistance of counsel claim, "[a]n appellate attorney's performance may be deficient and may prejudice the defendant only if counsel fails to argue a 'dead-bang winner,'" which is defined as 'an issue which was obvious from the trial record, . . . *and* one which would have resulted in a reversal on appeal.'" Walker, 228 F.3d at 1237.

While it seems clear that the allowance of evidence, during the guilt-innocence phase of the trial, of Jackson's prior marijuana conviction violated Okla. Stat. tit. 22, § 860, that alone does not compel the conclusion that an appeal of that error would have resulted in reversal—i.e., that the issue is a "dead-bang winner" and that, assuming the state courts missed the issue in this case, they would have acted differently had they given it a full review.

As Jackson points out, the Oklahoma courts have recognized the potentially prejudicial effect that prior convictions can have on the guilt-innocence phase of a trial. See Gamble v. State, 751 P.2d 751, 753 (Okla. Crim. App. 1988) ("This Court has always been greatly concerned with the prejudicial effect of prior

- 12 -

convictions which are introduced during the guilt-innocence phase of trial."). Thus, violations of § 860 may constitute reversible error under state law.    See id.

However, we do not read the Oklahoma cases as establishing a per se or automatic rule regarding reversal following every violation of § 860. Rather, the courts have acknowledged that such error is subject to a review for harmlessness. In Richardson v. State  , 600 P.2d 361, 366-67 (Okla. Crim. App. 1979), the court found that an error occurred when counsel referred to a prior conviction during the guilt-innocence phase, but concluded "it was harmless in this case because there was sufficient independent evidence for the jury to convict." More recently, in Mooney v. State  , 990 P.2d 875 (Okla. Crim. App. 1999), the defendant argued that the admission of a prior conviction during the guilt-innocence phase of a murder trial violated § 860. The court held that "[e]ven if error occurred by the admission [of evidence of the prior conviction], [defendant] has failed to demonstrate any prejudice."    Id. at 885.

Most recently, the Oklahoma Court of Criminal Appeals found reversible error in the introduction of evidence of prior convictions in the guilt-innocence phase of a murder trial.    Pickens v. State  , 19 P.3d 866, 878 (Okla. Crim. App. 2001). However, the court made it clear that such error is subject to review for harmlessness: "[a]lthough we believe the error was inadvertent, we cannot find it was harmless beyond a reasonable doubt."    Id.

- 13 -

Accordingly, the Oklahoma courts do not apply an automatic rule of reversal whenever § 860 is violated. Rather, such errors are subject to review to determine their effect on the trial's outcome. Our review of the record in this case convinces us that the admission of the prior conviction would be considered harmless, or not prejudicial, error, and that the Oklahoma courts would reach that conclusion. [3] Thus, this issue was not a "dead-bang winner" which "would have resulted in a reversal on appeal." Walker, 228 F.3d at 1237; see also Smith v. Robbins, 528 U.S. 259, 285 (2000) (holding that to show prejudice from ineffective assistance of appellate counsel, petitioner must "show a reasonable probability that, but for his counsel's [deficient performance], he would have prevailed on his appeal"). Accordingly, counsel's performance was not ineffective under Strickland.

_____

[3]Furthermore, since counsel did not object to the introduction of evidence of the prior conviction, the Oklahoma courts would only review its introduction for fundamental error. See Bowie v. State, 906 P.2d 759, 764 (Okla. Crim. App. 1995) ("Failure to object waives all but fundamental error."). In concluding that the state court did not unreasonably apply the law to the facts of this case, the federal district court found no fundamental error in the admission of the prior conviction. We agree that no such error occurred.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the district court's denial of Jackson's habeas petition.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge