PEOPLE v BUCKLES

Docket No. 78961. Submitted January 14, 1986, at Detroit. Decided
October 6, 1986.

Defendant, Ronald G. Buckles, was arrested on charges relating
to a stolen car. He requested an attorney at the time of his
arraignment. Shortly thereafter defendant was transported to a
state police post for a polygraph examination regarding an
unrelated charge. Defendant was advised of his *Miranda* rights
prior to the commencement of the polygraph examination. In
responding to questions during the course of the polygraph
examination, defendant made self-incriminating statements
which later led to charges and, eventually, convictions of armed
robbery and felony-firearm, following a jury trial in the Wayne
Circuit Court, Patrick J. Duggan, J. Defendant was sentenced
to a prison term of from four to ten years for armed robbery
and two years for felony-firearm. Defendant appealed, claiming
that he was denied his constitutional right to counsel and
claiming error in the trial court's assessment of points under
the Sentencing Guidelines for defendant's exploitation of the
armed robbery victim's vulnerability.

The Court of Appeals *held:*

1. The right to counsel is guaranteed by both the Fifth and
Sixth Amendments to the United States Constitution, as well
as Const 1963, art 1, §§ 17 and 20. However, these constitu-
tional rights are distinct and not necessarily coextensive.

2. The Sixth Amendment right to counsel attaches only at or
after the time that adversarial proceedings have been initiated
and extends to every critical stage of the prosecution, i.e., every
stage where the accused is confronted, just as at trial, by the
procedural system, or by his expert adversary, or by both.

3. The Fifth Amendment does not contain an express grant of

REFERENCES

Am Jur 2d, Constitutional Law §§ 741, 804, 842.

Am Jur 2d, Criminal Law §§ 596, 597, 732 *et seq.*, 967 *et seq.*

Defendant's right to disclosure of presentence reports. 40 ALR3d
681.

See also the annotations in the Index to Annotations under Attor-
ney or Assistance of Attorney.

a right to counsel but has been interpreted to require the presence of counsel at a custodial interrogation in order to secure an accused's right to be free from compelled self-incrimination.

4. In this case, the trial court correctly ruled that the self-incriminating statements were voluntarily made after defendant was advised of and had waived his *Miranda* rights, including the Fifth Amendment right to the presence of counsel at interrogation.

5. The interrogation at issue, which was about other crimes for which defendant had not yet been arraigned, was not in derogation of defendant's Sixth Amendment right to counsel which he invoked when he was arraigned on the charges regarding a stolen car. Defendant's Sixth Amendment right to counsel relative to the armed robbery and felony-firearm charges had not yet accrued at the time he gave the self-incriminating statements that eventually resulted in his conviction.

6. The Court of Appeals rejected defendant's argument that, because the crime for which defendant was arraigned and the crimes for which he was convicted allegedly involved the same accomplice, the statements at issue must be suppressed since defendant could not waive his right to counsel with regard to' questioning on facts relating to the former crimes.

7. Defendant, by his failure to object at the trial court level, has waived the right to challenge the trial court's assessment of points for defendant's exploitation of the armed robbery victim's vulnerability under the Sentencing Guidelines.

Affirmed.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

The right to counsel is guaranteed by both the Fifth and Sixth Amendments to the United States Constitution, as well as by provisions in the Michigan Constitution; however, these constitutional rights are distinct and not necessarily coextensive (US Const, Am V and VI; Const 1963, art 1, §§ 17 and 20).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

The right to counsel under the Sixth Amendment to the United States Constitution guarantees the assistance of counsel at all stages of a prosecution where counsel's absence might derogate from the accused's right to a fair trial (US Const, Am VI).

3. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

The Fifth Amendment to the United States Constitution does not contain an express grant of a right to counsel but has been

interpreted to require the presence of counsel at a custodial interrogation in order to secure an accused's right to be free from compelled self-incrimination (US Const, Am V).

4. CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

The right to counsel under the Sixth Amendment to the United States Constitution is limited by the confines of criminal prosecutions already commenced and is specific to the criminal episode in which an accused is charged; therefore, an accused who invokes his Sixth Amendment right to counsel at an arraignment regarding one offense and who later waives his Fifth Amendment right to counsel at a subsequent interrogation regarding another criminal offense for which he had yet to be arraigned at the time of the interrogation does not enjoy a Sixth Amendment right to counsel (US Const, Am V and VI).

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS — APPEAL.

A defendant who fails to object to an alleged error in scoring after having had a sufficient opportunity to review the Sentence Information Report prior to sentencing may not challenge such alleged error on appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Denise Green,* Assistant Prosecuting Attorney, for the people.

*Michael J. Brady,* for defendant on appeal.

Before: HOOD, P.J., and J. H. GILLIS and J. M. BATZER,* JJ.

J. M. BATZER, J. Defendant was convicted of armed robbery, MCL 750.529; MSA 28.797, and felony-firearm, MCL 750.227b; MSA 28.424(2), after a jury trial on April 16-18, 1984. Sentenced to a prison term of from four to ten years for armed robbery and two years for felony-firearm, defendant appeals as of right.

The first question presented on appeal is

* Circuit judge, sitting on the Court of Appeals by assignment.

whether defendant's request for an attorney at his arraignment on an unrelated charge bars the admission of his confession on the instant charge, elicited during police interrogation of defendant subsequent to his arraignment without the presence of counsel.

On January 10, 1984, defendant was arrested at his home on charges relating to a stolen car. On January 12, 1984, after defendant was arraigned on those charges and requested an attorney, defendant was transported to the state police Northville post for a scheduled polygraph examination on another unrelated charge.

At the Northville post, after defendant was read his *Miranda*[1] rights and questioned about stolen cars by Sgt. Bullen of the state police, Bullen asked defendant if he had been involved in any breaking and enterings, homicides, or armed robberies. Defendant then gave a statement implicating himself in the instant matter. After a *Walker*[2] hearing, in which the court determined that the statement was voluntarily given, the statement was admitted at trial.

Defendant claims that the interrogation following his arraignment and request for counsel on unrelated charges deprived him of his right to counsel. Defendant cites *People v Bladel (After Remand)*, 421 Mich 39; 365 NW2d 56 (1984), aff'd *Michigan v Jackson*, — US —; 106 S Ct 1404; 89 L Ed 2d 631 (1986),[3] in which the Michigan Supreme

[1] *Miranda v Arizona*, 384 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).

[2] *People v Walker (On Rehearing*, 374 Mich 331; 132 NW2d 87 (1965).

[3] *Bladel* was decided by the United States Supreme Court as a companion case to *Michigan v Jackson*, cited in the text of this opinion. The trial court did not have *Bladel* to guide its decision below. However, *Bladel* was given limited retroactivity, making it applicable to the instant case. 421 Mich 68.

Court held that, once a defendant has requested counsel at his arraignment on a charge, no further interrogation can take place until counsel has been made available to the accused unless the accused initiates further communications, exchanges or conversations with the police. In *Bladel,* the people sought to use the defendant's incriminating post-arraignment statements to prove the charge in the pending prosecution to which the arraignment related. In the case at bar, defendant was interrogated about crimes for which prosecution had not commenced. We believe *Bladel* is distinguishable on these facts and hold that defendant was not denied his right to counsel. At the heart of the distinction and our holding is the distinction between a person's Fifth Amendment and Sixth Amendment rights to counsel.

The right to counsel is guaranteed by both the Fifth[4] and Sixth[5] Amendments to the United States Constitution, as well as Const 1963, art 1, §§ 17 and 20. However, these constitutional rights are distinct and not necessarily coextensive.[6] *Bladel, supra,* pp 50-51, citing *Rhode Island v Innis,* 446 US 291, 300, n 4; 100 S Ct 1682; 64 L Ed 2d 297 (1980).

The Sixth Amendment recognizes the right of an

[4] The Fifth Amendment right against self-incrimination is applicable to the states by virtue of the Fourteenth Amendment. *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

[5] The Sixth Amendment right to counsel is applicable to the states by virtue of the Fourteenth Amendment. *Powell v Alabama,* 287 US 45, 60; 53 S Ct 55; 77 L Ed 158 (1932).

[6] In addition to both the corollary right to counsel incident to the Fifth Amendment right against self-incrimination of *Miranda, supra,* and the Sixth Amendment right to counsel "in all criminal prosecutions," the due process clause of the Fourteenth Amendment provides a source for a right to counsel when required for fundamental fairness. *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973); see also *Betts v Brady,* 316 US 455; 62 S Ct 1252; 86 L Ed 1595 (1942), overruled in part by *Gideon v Wainwright,* 370 US 335; 83 S Ct 792; 9 L Ed 2d 799 (1963).

"accused" to the assistance of counsel in "all criminal prosecutions." This right attaches "only at or after the time that adversarial judicial proceedings have been initiated . . . " *Kirby v Illinois,* 406 US 682, 688; 92 S Ct 1877; 32 L Ed 2d 411 (1972). "It is this point that marks the commencement of the 'criminal prosecutions' to which *alone* the explicit guarantees of the Sixth Amendment are applicable." *Id.* (Emphasis supplied.) Once adversary judicial proceedings have been initiated, a defendant's right to counsel extends to every "critical stage" of the prosecution, i.e., every stage where the accused is confronted, just as at trial, by the procedural system, or by his expert adversary, or by both. *United States v Wade,* 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967). In short, the Sixth Amendment right to counsel guarantees the assistance of counsel at all stages of a prosecution where counsel's absence might derogate from the accused's right to a fair trial. See *Wade, supra.*

The Fifth Amendment on the other hand recognizes a person's right not to be "compelled in any criminal case to be a witness against himself." It does not contain an express grant of a right to counsel, but in *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966), it was recognized that an attorney's presence at custodial interrogation is one way to secure the right to be free from compelled self-incrimination. 384 US 466. Reference to a Fifth Amendment right to counsel is but a shorthand way for expressing the source of the right to have an attorney at a custodial interrogation and an analytically useful way of examining a claimed right to the presence of an attorney.

Defendant's request for an attorney at arraignment was an invocation of only his Sixth Amendment right to counsel. It was not an invocation of his Fifth Amendment right to counsel. At arraign-

ment, defendant was not confronted with an atmosphere of coercion nor did anyone seek to gain admissions from him. His invocation of the right to counsel was a matter of routine. See *State v Sparklin,* 296 Or 85; 672 P2d 1182 (1983), cited in *Bladel, supra,* p 60. Defendant waived his Fifth Amendment right to counsel when he voluntarily waived his *Miranda* rights subsequent to arraignment. *Miranda, supra,* p 444. Cf. *Edwards v Arizona,* 451 US 477; 101 S Ct 1880; 68 L Ed 2d 378 (1981), *People v Paintman,* 412 Mich 518; 315 NW2d 418 (1982). Thus, unless the interrogation at bar violated defendant's Sixth Amendment right, he was not denied his right to counsel.

As explained above, defendant's Sixth Amendment right to counsel is limited by the confines of criminal prosecutions already commenced. *Kirby, supra.* As such, the Sixth Amendment right to an attorney is specific to the criminal episode in which an accused is charged. *Sparklin, supra;* Cf. *Bladel, supra.* Therefore, the interrogation at issue, which was for crimes for which defendant had not been arraigned, was not in derogation of defendant's Sixth Amendment right invoked at his arraignment on the unrelated charges. In fact, defendant's Sixth Amendment right for the crimes at issue had yet to accrue.

We reject defendant's argument that, because the crime for which defendant was arraigned and the crime at issue allegedly involved the same accomplice, the statements at issue must be suppressed since defendant could not waive his right to counsel with regard to questioning on facts relating to the former. See, *Bladel, supra,* p 65; see also *Sparklin, supra.* Although there might be circumstances where a factual relationship between a crime for which a defendant has been arraigned and an uncharged crime requires exclu-

sion of statements made with regard to the latter, we find that the record before the Court on this appeal fails to show the factual nexus between the two crimes which would be required to substantiate such a claim. Cf. *Sparklin, supra.* Defendant was not denied his rights to counsel.

Defendant's second claim on appeal is that he is entitled to be resentenced because of an inaccuracy in the Sentence Information Report. Specifically, defendant claims that an OV 7 (Offender Exploitation of Victim's Vulnerability) score of 3 was improper. However, defendant failed to object to this alleged inaccuracy below. We therefore find that defendant has waived the right to challenge that scoring on appeal. *People v Jones,* 147 Mich App 292; 382 NW2d 772 (1985). Nevertheless, because it appears that a claim might be made that defendant and his counsel did not have sufficient opportunity to review the Sentence Information Report, we address defendant's substantive claim briefly.

An OV 7 score of 3 is proper "where the victim lacks substantial opportunity to defend against the offense and the victim's vulnerability is apparent at the time of the offense." An example used in the Guidelines to indicate a victim's vulnerability is "physical restraint (e.g., binding with rope, handcuffs, etc.)." Here, the victim was bound with duct tape after opening the safe and lying down on the floor at the direction of the robbers. Thereafter, the robbers left with approximately $6,000 in cash and $500 in lottery tickets. We find an OV 7 score of 3 is proper in these circumstances. The

perpetrators facilited both their robbery and geta-
way by binding their victim.

Affirmed.