PEOPLE v CRUSOE

Docket No. 89990. Submitted May 5, 1988, at Lansing. Decided
    August 1, 1988. Leave to appeal applied for.

Monroe Donnis Crusoe was convicted of bank robbery, Ingham
    Circuit Court, Robert Holmes Bell, J. Defendant appealed,
    alleging error in the court's failure to suppress a written
    confession given to FBI agents who questioned him about the
    robbery while he was in police custody on unrelated charges
    and after he had requested the appointment of counsel with
    regard to those charges.

The Court of Appeals *held:*

The Fifth Amendment right to have counsel present during
    interrogation commences at the moment the request for coun-
    sel is made and continues for as long as the individual remains
    in custody and extends to any crime about which the individual
    is interrogated so long as the interrogation occurs during the
    same custodial period. The court erred in refusing to suppress
    defendant's confession. The error cannot be said to be harmless
    beyond a reasonable doubt.

Reversed.

CRIMINAL LAW — CONSTITUTIONAL LAW — RIGHT TO COUNSEL —
    CUSTODIAL INTERROGATION.

The Fifth Amendment right to counsel attaches when an individ-
    ual is taken into custody; the Fifth Amendment right to have
    counsel present during interrogation commences at the mo-
    ment the request for counsel is made and continues for as long
    as the individual remains in custody and extends to any crime
    about which the individual is interrogated so long as the
    interrogation occurs during the same custodial period.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 967 *et seq.*

Requirement, under Federal Constitution, that law enforcement
    officers' custodial interrogation of suspect cease after suspect
    requests assistance of counsel—Supreme Court cases. 83 L Ed 2d
    1087.

*Caruso,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Fred E. Bell*), for defendant on appeal.

Before: WEAVER, P.J., and KELLY and J. R. KIRWAN,* JJ.

KELLY, J. Defendant appeals as of right from his conviction of bank robbery, MCL 750.531; MSA 28.799. On November 6, 1985, he was sentenced to serve a term of imprisonment of from ten to twenty years, with credit for 186 days served. We reverse.

The dispositive issue on appeal is whether the trial court erred in refusing to suppress a written confession made by defendant to FBI agents while defendant was in the custody of the Lansing Police. Defendant moved to suppress the confession both at his preliminary examination in the district court and prior to his trial in circuit court. A *Walker* hearing[1] was conducted on September 4, 1985, and the trial court issued its opinion and order denying the request on September 26, 1985.

The following facts are not in dispute. Defendant was arrested by Lansing police officers in May of 1985 and taken into custody on charges of breaking and entering and felonious assault, which charges were unrelated to the bank robbery. At 11:30 A.M. on May 6, 1985, while in the custody of the police and awaiting his arraignment on the two unrelated charges, defendant was questioned by Lansing police detective William Miller regard-

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] See *People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965).

ing a bank robbery. Defendant denied any knowledge. Later that day, defendant was arraigned on the breaking and entering and felonious assault charges, at which time he requested the appointment of counsel for the first time.

On the following day, May 7, 1985, defendant was again questioned about his participation in the bank robbery, this time by FBI agents. There is some dispute regarding the nature of the interrogation but it is clear that one of the agents allowed or led defendant to believe that physical evidence had been discovered at the scene linking defendant to the crime. Defendant had been advised of his *Miranda*[2] rights, which he waived prior to giving a written confession. It is this confession which defendant later sought to have suppressed on the ground that it was taken in violation of his right to have counsel present during the police interrogation.

The trial court held that defendant's Sixth Amendment request for appointment of counsel at the arraignment on the unrelated charges did not invoke his Fifth Amendment right to counsel for purposes of the subsequent interrogation on the separate charge of bank robbery. After the trial court had rendered its decision in this case, another panel of this Court had occasion to consider the precise issue in *People v Buckles,* 155 Mich App 1; 399 NW2d 421 (1986). This Court's opinion in *Buckles* directly supports the trial court's ruling in this case.

In *Buckles,* defendant was arrested on an unrelated charge and arraigned two days later, at which time he requested counsel. That same day, he was transported to a state police post to be given a polygraph examination pertaining to an-

[2] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

other unrelated charge. There, he was questioned about a series of other offenses and eventually volunteered incriminating statements which were subsequently used at trial. As in our case, defendant had waived his *Miranda* rights and the trial court found that his statements were voluntary.

The panel in *Buckles* distinguished between the Fifth and Sixth Amendment rights to counsel and concluded that defendant had invoked only the Sixth Amendment at his arraignment, and that the right to counsel guaranteed under the Sixth Amendment does not attach until the commencement of an adversarial judicial proceeding. Defendant's right to be represented by counsel was therefore limited to the confines of the particular criminal prosecution already commenced. The Court held that, as to defendant's Fifth Amendment right to have an attorney present during custodial interrogation on the unrelated charges, defendant had waived that right when he failed to request an attorney after being read his *Miranda* rights.

Most recently, the issue presented here and in *Buckles* has been considered by the Seventh Circuit Court of Appeals in the context of a habeas corpus proceeding in *United States ex rel Espinoza v Fairman*, 813 F2d 117 (CA 7, 1987). Defendant in *Espinoza* was arrested on a weapons charge and, upon his request, was represented by the public defender at his arraignment. After the arraignment and while still in custody, defendant was read his *Miranda* rights and interrogated about his involvement in a murder. Defendant responded to the questioning in the absence of an attorney and volunteered certain inculpatory statements which eventually resulted in his conviction.

The Seventh Circuit differed with the analysis used in *Buckles* and employed an approach which

we believe is more consistent with the purpose of the Fifth Amendment constitutional right to be represented by counsel, particularly given the realities of continued custodial interrogations. In *Buckles* and in *Espinoza* the courts agreed that an individual's invocation of the Sixth Amendment right to counsel at arraignment does not extend to the interrogation stage of another unrelated criminal investigation where there is no continued custodial iterrogation. However, the Seventh Circuit concluded that an individual who requests an attorney at arraignment invokes both Fifth and Sixth Amendment protections since that individual is essentially requesting an intermediary in his or her dealings with the government. Citing *Michigan v Jackson,* 475 US 625; 106 S Ct 1404; 89 L Ed 2d 631 (1986),[3] the Court noted that a request for counsel must be broadly rather than narrowly interpreted and that an individual unskilled in the law cannot generally be expected to articulate the particular authority under which his or her constitutional right to counsel is being invoked. The Seventh Circuit held that the authorities should presume that a request for counsel at arraignment invokes both Fifth and Sixth Amendment protections.

The Seventh Circuit Court of Appeals went on to reason that, since the Fifth Amendment right attaches when an individual is taken into custody,

---

[3] *Michigan v Jackson* was consolidated with *Michigan v Bladel.* In both cases, the Michigan Supreme Court had held that, once a defendant requests appointment of counsel at an arraignment, the police are prohibited from further interrogating the defendant about the charge. 421 Mich 39; 365 NW2d 56 (1984). The United States Supreme Court affirmed, holding that confessions obtained during custodial interrogation after an individual requests counsel at arraignment but before the individual is able to consult with counsel are inadmissible at trial as a violation of the Sixth Amendment right to counsel. The question in this case is whether that rule extends to police interrogation regarding unrelated charges.

the right to have counsel present during interrogation commences at the moment the request is made and continues for as long as the individual remains in custody. Moreover, the Fifth Amendment right to counsel extends to any crime about which an individual is interrogated so long as the interrogation occurs during the same custodial period.[4]

We agree with the Seventh Circuit's well-reasoned opinion in *Espinoza* and we adopt the analysis in the instant case. When defendant requested counsel at his arraignment on the charges of breaking and entering and felonious assault, we presume that he was invoking both his Sixth Amendment right to be represented at every critical stage of the prosecution of those two charges as well as his Fifth Amendment right to be represented during interrogation on the breaking and entering and assault charges or on any other crime for which he may have been a suspect. Thus, the FBI's interrogation of defendant after the arraignment violated defendant's Fifth Amendment right to be represented by counsel during custodial interrogation.

As in *Espinoza,* defendant had not been contacted by his attorney and did not initiate any communication with the police or FBI. Defendant thus could not have waived his Fifth Amendment right to be represented by counsel by virtue of his failure to assert his *Miranda* rights. See also *Ed-*

---

[4] Definitive support for this position was recently given by the United States Supreme Court in *Arizona v Roberson,* 486 US —, —; 108 S Ct 2093, 2099; 100 L Ed 2d 704, 715 (1988):

> As a matter of law, the presumption raised by a suspect's request for counsel—that he considers himself unable to deal with the pressures of custodial interrogation without legal assistance—does not disappear simply because the police have approached the suspect, still in custody, still without counsel, about a separate investigation.

*wards v Arizona,* 451 US 477; 101 S Ct 1880; 68 L Ed 2d 378 (1981).

The trial court erred in refusing to suppress the statement made by defendant to the FBI concerning his involvement in the bank robbery. Because defendant's confession was a critical piece of evidence at the bank robbery trial, we cannot say that the error was harmless beyond a reasonable doubt and we therefore reverse his conviction. Because our opinion conflicts with the opinion rendered in *People v Buckles, supra,* we certify this case for conflicts resolution in accordance with the Supreme Court's Administrative Order 1984-2, 418 Mich lxxxii (1984).

Reversed.