PEOPLE v SAWYER

Docket No. 159960. Submitted October 2, 1996, at Lansing. Decided February 25, 1997, at 9:00 A.M. Leave to appeal sought.

Thomas W. Sawyer was convicted by a jury in the Ingham Circuit Court, Peter D. Houk, J., of kidnapping, first-degree criminal sexual conduct, and possession of a firearm during the commission of a felony. He appealed.

The Court of Appeals *held*:

1. The defendant's trial counsel did not render ineffective assistance by failing to move for the suppression of evidence of the defendant's identification at a lineup. The lineup was fair, physical differences between the defendant and the others in the lineup related to the weight to be accorded the identification evidence and not to its admissibility, and the fact that the victim was told that the perpetrator was in the lineup did not render the lineup unduly suggestive. The defendant's Sixth Amendment right to counsel was not violated when counsel was excluded from a postidentification interview of the victim in the absence of any indication that counsel was barred from interviewing the victim or cross-examining the victim at trial. The rest of the defendant's allegations of ineffective assistance of counsel are likewise without merit.

2. The trial court did not abuse its discretion in admitting any of the evidence challenged by the defendant.

3. Asportation, as an element of the kidnapping charge, was established by evidence that the defendant forced the victim into a vehicle, drove for thirty minutes, removed the victim from the vehicle, assaulted the victim, put the victim back in the vehicle, and drove for another thirty minutes, crossing at least one county line. The movement of the victim was not merely incidental to the criminal sexual conduct.

4. The police did not deprive the defendant of his right to due process by failing to discover alleged exculpatory evidence inasmuch as the police are not required to seek and find such evidence.

Affirmed.

CONSTITUTIONAL LAW — RIGHT TO COUNSEL.

A defendant's right to counsel under the Sixth Amendment is not violated by the barring of defense counsel from an interview of the

complainant by the police or prosecutor following a lineup at which the complainant has identified the defendant as the perpetrator where defense counsel is present at the lineup, is informed of the identification, is not prevented from interviewing the complainant after the identification, and is not prevented from cross-examining the complainant at trial (US Const, Am VI).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Donald E. Martin*, Prosecuting Attorney, and *Guy L. Sweet* and *Samuel R. Smith*, Assistant Prosecuting Attorneys, for the people.

State Appellate Defender (by *Charles J. Booker*), and Thomas W. Sawyer, in propria persona.

Before: McDONALD, P.J., and BANDSTRA and C. L. Bosman*, JJ.

McDONALD, P.J. Following a jury trial, defendant was convicted of kidnapping, MCL 750.349; MSA 28.581, first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), and sentenced to concurrent terms of life imprisonment for the kidnapping conviction and twenty-five to fifty years' imprisonment for the first-degree criminal sexual conduct conviction, plus two years' consecutive imprisonment for the felony-firearm conviction. Defendant appeals as of right. We affirm.

On appeal, defendant claims he was denied effective assistance of counsel. Although defendant questions almost all aspects of the representation he received, he has failed to overcome the strong presumption he was afforded effective assistance. *People*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*v Eloby (After Remand)*, 215 Mich App 472; 547 NW2d 48 (1996). This Court will not substitute its judgment for that of trial counsel in matters of trial strategy. *People v Barnett*, 163 Mich App 331; 414 NW2d 378 (1987). The defense strategy posited by defendant, the "all cases" theory, would have been highly prejudicial to defendant and would most likely have constituted an error sufficient to find counsel's assistance ineffective.

Although defendant's claim of ineffective counsel lacks merit, one of defendant's allegations of error involves a question that merits discussion. Defendant claims his counsel was deficient because he did not move to suppress the identification of defendant on the basis of an unfair lineup. Our review reveals the trial court correctly found the lineup to be fair. Physical differences between defendant and the other lineup participants goes to the weight of the identification and not its admissibility. *People v Benson*, 180 Mich App 433; 447 NW2d 755 (1989), modified on other grounds 434 Mich 903 (1990). Additionally, the fact a victim is told the attacker is in the lineup does not alone render a lineup unduly suggestive. *People v Larry*, 162 Mich App 142; 412 NW2d 674 (1987). However, defendant further argues that, even assuming the lineup was fair, the identification should be suppressed because lineup counsel were not allowed to attend the postlineup interview.

In support of his argument, defendant cites *Richardson v State*, 600 P2d 361 (Okla Crim App, 1979), and *Daigre v Maggio*, 705 F2d 786, 788 (CA 5, 1983). *Richardson* is inapposite. *Richardson* involves the requirement for attorney presence at procedures that are postlineup but preidentification. The attorneys in

the cases involving this defendant were present during the lineup and made aware of defendant's identification before the witness left the lineup viewing room. Further, although the court in *Daigre* did hold the exclusion of an attorney from a postlineup interview may be impermissible, the court found it impermissible only if counsel is denied the opportunity to interview the witnesses afterward and is denied the right to cross-examine them at trial. *Id.* Defendant failed to present any evidence that any attorney was barred from a subsequent interview of the witness who made the identification. While there may have been an interview without the presence of counsel after the lineup, defense counsel was not barred from a subsequent interview. We decline to accept defendant's invitation to make witness interviews "critical stages" for purposes of the Sixth Amendment right to counsel. To require police or prosecutors to bring defense attorneys along whenever they interview a witness after charges have been instituted is an untenable concept. The purpose behind forbidding a bar to postlineup interviews is clearly to enable the attorney to question the witness about the lineup and about the witness' identification. There is absolutely no indication defendant's attorneys were prevented from so questioning in this case. Moreover, defendant's attorney questioned the victim and other witnesses about the lineup during trial. In fact, that questioning is the basis for defendant's ineffective assistance claim. Defendant claims counsel was ineffective because he asked questions of the witnesses to attack the identification procedures, but did not bring a motion to suppress the identification. As previously

noted the lineup procedure was not unduly suggestive.

Defendant next raises numerous alleged evidentiary errors, none of which we find meritorious. This Court reviews a trial court's admission of evidence under the abuse of discretion standard. *People v Taylor*, 195 Mich App 57; 489 NW2d 99 (1992). There is an abuse of discretion only when an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling. *Id.*

The trial court did not abuse its discretion in permitting evidence of defendant's cruising activities. The "other acts" testimony was relevant to illustrate defendant's freedom or opportunity and also a scheme or plan, MRE 404(b), and was not unfairly prejudicial. *People v VanderVliet*, 444 Mich 52; 508 NW2d 114 (1993). Introduction of the contested cross-examination testimony regarding the May 28 and November 12, 1991, reports would have resulted in the jury learning defendant was a suspect in other child molestation cases, an area all parties agreed would not be brought before the jury. Moreover, a trial court is given wide latitude to limit cross-examination. *People v Adamski*, 198 Mich App 133; 497 NW2d 546 (1993). Finally, the contested photographs were relevant and not unduly gruesome, *People v Coddington*, 188 Mich App 584; 470 NW2d 478 (1991), and the list of suspect vehicles was not admitted for the purpose alleged by defendant.

Defendant next claims his conviction of kidnapping must be reversed because there was insufficient evidence to prove the movement of the victim was not merely incidental to the underlying crime of criminal

sexual conduct. We disagree. Defendant forced the victim into a vehicle at gunpoint when the victim was close to his home, drove for at least thirty minutes, removed the victim from the car, assaulted him, put him back in the car, and drove for another thirty minutes, crossing at least one county line before releasing him. The element of asportation was met. *People v Barker*, 411 Mich 291; 307 NW2d 61 (1981).

Defendant's claim the search warrant used to obtain damaging evidence against him was not supported by probable cause has already been decided adversely to defendant in *People v Sawyer*, 215 Mich App 183; 545 NW2d 6 (1996).

Finally, we find no merit to the issues raised in defendant's supplemental brief filed in propria persona. Although rambling and confused, it appears the majority of the issues have either already been addressed or deal with evidence in other cases not relevant here. Inasmuch as defendant intimates the police deprived him of his right to due process by failing to discover certain alleged exculpatory evidence, we note the police are not required to seek and find such evidence. *People v Miller (After Remand)*, 211 Mich App 30; 535 NW2d 518 (1995).

Defendant's convictions are affirmed.