# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 22, 2015

Plaintiff-Appellee,

v

No. 321934
Livingston Circuit Court

DAVID KENNETH RENTSCH,

LC Nos. 13-021213-FC
          13-021292-FC

Defendant-Appellant.

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals by right from his convictions following a jury trial of one count of armed robbery, MCL 750.529, of a BP gas station in Brighton (LC No. 13-021213-FC) and one count of armed robbery of a 7-Eleven in Greek Oak Township (LC No. 13-021292-FC). The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 37 to 75 years for each conviction. We affirm.

## I. MATERIAL WITNESS HEARING

Defendant first argues that the failure to inform him of a material witness hearing involving Trina Sevelis[1] violated his constitutional right to due process and his Sixth Amendment right to legal representation at a critical stage in the criminal proceedings against him.[2] We disagree.

---

[1] Sevelis was in defendant's truck during one of the robberies. At trial, she testified that he left her alone in the truck for 10 to 15 minutes after putting on a bandana, sunglasses, and a hat. She said he was frantic when he returned, changed his clothes, and threw a gun out the window. She added that he then told her he had to go back and find the gun because he threw it on school grounds. Defendant was apprehended on school grounds approximately seven to ten feet from what appeared to be a disassembled gun.

[2] The issue is unpreserved because defendant did not raise the issue before the trial court. *People v Dupree*, 486 Mich 693, 703; 788 NW2d 399 (2010). We review unpreserved constitutional

-1-

The core of the Sixth Amendment right to counsel in a criminal prosecution is the opportunity to consult with a lawyer and have him or her "investigate the case and prepare a defense for trial." *Kansas v Ventris*, 556 US 586, 590; 129 S Ct 1841; 173 L Ed 2d 801 (2009). The right extends to every critical stage of the proceeding. *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004). A critical stage is one where a defendant "is confronted, just as at trial, by the procedural system, or by his expert adversary, or by both." *People v Buckles*, 155 Mich App 1, 6; 399 NW2d 421 (1986). The complete denial of counsel at a critical stage of a criminal proceeding is a structural error mandating automatic reversal. *People v Buie* (*On Remand*), 298 Mich App 50, 61-62; 825 NW2d 361 (2012). However, a material witness hearing is not a critical stage in cases where no substantive evidence against the defendant is taken from the witness. *People v Parker*, 230 Mich App 677, 689; 584 NW2d 753 (1998). Accordingly, because the material witness hearing only concerned the likelihood that Sevelis would appear for trial and because Sevelis did not provide substantive evidence against defendant, defendant's constitutional rights due process and to counsel were not violated.

## II. OFFENSE VARIABLE (OV) 19

Defendant next argues that the trial court erroneously scored OV 19 at 15 points.[3]

OV 19 addresses threats to the security of a penal institution or an interference with the administration of justice or the rendering of emergency services. MCL 777.49. Under OV 19, a court must assess 15 points if "[t]he offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services." MCL 777.49(b). In assessing points under OV 19, a court may consider the defendant's conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 202; 793 NW2d 666 (2010).

Here, the trial court scored OV 19 at 15 points based on recorded jailhouse calls between defendant and other individuals. Portions of the calls were played for the jury, but were not transcribed. At sentencing, the trial court recalled:

> [O]ne of the statements he made I wrote it down. Make sure she's not coming to court. All you have to do is holler at her. That reference was used multiple times about hollering at witnesses. I agree I think different people could interpret that different ways. But in light of all the evidence presented to this Court this Court does interpret that to mean the use or the threat of force or to attempt to not have

error for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

[3] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

witnesses come to court. All you have to do is holler at her. Getting [ahold]—I think I wrote down another comment get ahold of that broad and holler at her. I do recall the reference to you want her to just to disappear, yeah. I do find by preponderance of the evidence based on that evidence alone that that supports the scoring of 15 points.

We have affirmed a 15-point score for OV 19 in cases where a defendant used force against or directly threatened a victim. See *People v Passage*, 277 Mich App 175, 179-180; 743 NW2d 746 (2007) (the defendant threatened and struggled with store personnel who were trying to stop him from stealing merchandise); *People v Endres*, 269 Mich App 414, 420-421; 711 NW2d 398 (2006), overruled in part on other grounds by *Hardy*, 494 Mich at 438 n 18 (affirming scoring 15 points where the defendant personally threated to kill the victim of his crime). However, in this case, there is no evidence that Sevelis was actually threatened with force or that force was actually used against her. Accordingly, the trial court erred in scoring OV 19 at 15 points.

Nevertheless, the phone calls support a score of 10 points for OV 19. A court must assess 10 points if "[t]he offender otherwise interfered with or *attempted to interfere with the administration of justice*." MCL 777.49(c) (emphasis added). The phone calls, as recounted by the trial court, show that defendant asked someone to "holler" at Sevelis so that she would not come to court. This shows that defendant attempted to interfere with the administration of justice by preventing a witness from testifying. Accordingly, resentencing is unnecessary because defendant's minimum sentence range is not affected by scoring OV 19 at 10 points instead of 15 points. See *People v Francisco*, 474 Mich 82, 88-91; 711 NW2d 44 (2006).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Next, in his Standard 4 brief, defendant argues that he was denied his Sixth Amendment Right to effective assistance of counsel because defense counsel failed to investigate and present expert testimony regarding Sevelis's mental capacity to testify and because defense counsel failed to object to allegedly inaccurate and misleading expert testimony regarding the use of cell phone records.[4] We disagree.

The right to counsel guaranteed by the United States and Michigan Constitutions, US Const, Am VI; Const 1963, art 1, § 20, is the right to the effective assistance of counsel. *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome

---

[4] This issue is unpreserved because defendant did not move for a new trial or an evidentiary hearing. See *People v Johnson*, 144 Mich App 125, 129; 373 NW2d 263, lv den 424 Mich 854 (1985). "However, the absence of a motion for new trial or an evidentiary hearing is not fatal to appellate review where the details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit this Court to reach and decide the issue." *Id.*

would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

Defendant argues that defense counsel should have consulted an expert witness. He asserts that the witness could have testified about how Sevelis's mental illnesses could affect her memory, about how her substance abuse and alcohol issues could have affected her memory, and about how withdrawal from various substances could affect her memory. He asserts that if the jury had that information it would have cast considerable doubt on the reliability of her testimony.

Defense counsel has wide discretion as to matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Decisions about what evidence to present and on what to focus in closing argument are presumed to be matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). In this case, review of defense counsel's closing argument shows that the defense strategy was to present Sevelis as a liar who was implicating defendant in order to protect her boyfriend. Defense counsel highlighted how the evidence presented was, for the most part,[5] tied to defendant by Sevelis and his truck. She also spent considerable time on how the inconsistencies in Sevelis's testimony, as highlighted by defense counsel's extensive cross-examination, negatively affected Sevelis's credibility. Moreover, defense counsel also pointed out how Sevelis's extensive drug and alcohol use on the night of the BP robbery would affect her memory; again, this was a subject that was exhaustively covered during cross-examination of Sevelis. "A failed strategy does not constitute deficient performance." *People v Petri*, 279 Mich App 407, 412; 760 NW2d 882 (2008).

Defendant also argues that defense counsel was ineffective because she did not challenge the admissibility of cell phone evidence tying defendant to the scene of the crime. Although defendant refers us to a Washington Post article that indicates that the use of cell phone records can be inaccurate, there is nothing on the record in this case to suggest that the cell phone records used in this case were inaccurate, nor does defendant make an offer of proof as to the accuracy or inaccuracy of the cell records in this case. "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). Accordingly, on this record we cannot conclude that defense counsel was ineffective for failing to object to the admission of testimony based on the use of cell phone records.

---

[5] Defense counsel conceded that the manager at the BP had identified defendant as the person who robbed her; however, she spent a considerable amount of time arguing why the identification was unreliable and should be discounted by the jury.

IV. SEPARATION OF POWERS

Finally, defendant argues in his Standard 4 Brief on Appeal that the 25-year mandatory minimum sentence for armed robbery, as enhanced by MCL 769.12(1)(a),[6] is unconstitutional because it violates the separation of powers by precluding a trial court from exercising any sentencing discretion with regard to the minimum sentence.[7]

"[T]he ultimate authority to provide for penalties for criminal offenses is constitutionally vested in the Legislature." *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001). Although the judiciary has the power to exercise discretion when it imposes a sentence, that discretion can be "limited by the Legislature, which has the power to establish sentences." *People v Conat*, 238 Mich App 134, 147; 605 NW2d 49 (1999). A statute does not violate the separation of powers doctrine simply because the Legislature chooses to limit the discretion

---

[6] Defendant directs this Court to MCL 769.14; however, that statute pertains to the ability of a judge to vacate a previous sentence and impose a lesser sentence under circumstances not present in this case. It is likely that defendant actually intended to challenge the constitutionality of MCL 769.12(1)(a), which provides in pertinent part:

(1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, whether the convictions occurred in this state or would have been for felonies or attempts to commit felonies in this state if obtained in this state, and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

(a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25 years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

\* \* \*

6) As used in this section:

(a) "Listed prior felony" means a violation or attempted violation of any of the following:

\* \* \*

(*iii*) Section . . . [MCL] 750.529 [armed robbery].

[7] We review de novo challenges to the constitutionality of a statute. *People v Garza*, 469 Mich 431, 433; 670 NW2d 662 (2003).

-5-

available to sentencing courts. See *People v Garza*, 469 Mich 431, 434; 670 NW2d 662 (2003) (noting that for certain offenses, such as first-degree murder, MCL 750.316, and possession of a firearm while committing a felony, MCL 750.227b, "the judiciary has no sentencing discretion"); *People v Hall*, 396 Mich 650, 657-658; 242 NW2d 377 (1976) (holding that a mandatory term of life imprisonment for felony murder does not violate the separation of powers doctrine). Moreover, the mandatory minimum sentence provided by MCL 769.12(1)(a) can only be triggered by the repeated commission of serious felonies. Accordingly, although the 25-year mandatory minimum set forth in MCL 769.12(1)(a) restricts the trial court's sentencing discretion, it is a "permissible legislative limitation on the sentencing discretion of [the] courts." *Conat*, 238 Mich App at 148.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro