# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARQUEL CARLOS WHITE,

        Defendant-Appellant.

UNPUBLISHED
January 26, 2016

No.  323465
Wayne Circuit Court
LC No.  14-002962-FC

Before:  RIORDAN, P.J., and JANSEN and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of carjacking, MCL 750.529a, possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, armed robbery, MCL 750.529, and two counts of receiving and concealing stolen property, MCL 750.535(7).  Defendant was sentenced to 17 to 35 years' imprisonment for the carjacking and armed robbery convictions, two to five years' imprisonment for both receiving and concealing stolen property convictions, and two years' imprisonment for the felony-firearm conviction.  We affirm.

## I.  FACTUAL BACKGROUND

This case arises from multiple criminal acts that occurred throughout Detroit, Michigan, over the course of two days.  First, two men armed with a pistol carjacked a victim in northwest Detroit, taking her Chrysler Sebring as well as her cellular phone.  Another car was stolen on the eastside of Detroit shortly thereafter.  Subsequently, a third carjacking was attempted, which appeared to be related to the other two incidents.  Police officers later observed both stolen vehicles at a Detroit apartment complex, and defendant was seen with both cars.  Police arrested defendant and another suspect soon afterward.

The next evening, the victim of the first carjacking and cell phone robbery participated in a live lineup at the Detroit Detention Center.  She positively identified defendant as the man who

-1-

held a gun to her head while taking her Sebring, but she also identified two other "fillers"[1] as being possibilities for the second suspect.

On June 20, 2014, defendant's trial counsel filed a motion to compel discovery of evidence related to the victim's identification of defendant in the live lineup. In the alternative, defendant requested the exclusion of the victim's identification of defendant in the live lineup and her identification of him at the preliminary examination, arguing that the evidence was tainted because the lineup was unduly suggestive. The trial court scheduled a hearing on defendant's motion on July 18, 2014, during which witnesses were to testify regarding the lineup, but defense counsel failed to appear at the scheduled hearing. Due to counsel's absence, the trial court dismissed the motion. Defense counsel subsequently refiled the motion, but the trial court did not receive notice of his intent to refile early enough to reschedule a hearing on August 1, 2014, as the defense had requested.

On August 4, 2014, the first day of the jury trial, the trial court refused to consider defendant's refiled motion, stating that it would have been unable to hold a hearing on the motion on August 1 due to the lack of notice and concluding that it would not have an opportunity to rule on the pretrial motion before the trial began. However, it also noted that identification is always an issue at trial. The jury convicted defendant on all charges.

## II. SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel provided ineffective assistance by failing to appear at the pretrial suppression hearing, and that he is entitled to a new trial because of the resulting prejudice. However, given defense counsel's complete absence from the suppression hearing, we find it necessary to first consider whether defendant has established that counsel's performance was so deficient that prejudice is presumed, even though defendant has not framed his ineffective assistance of counsel claim in this manner. See *United States v Cronic*, 466 US 648, 659; 104 S Ct 2039; 80 L Ed 2d 657 (1984). We conclude that (1) defendant was not denied counsel at a critical stage of the proceedings under the facts of this case, so a presumption of prejudice does not apply, and (2) defendant has failed to establish that he was prejudiced by defense counsel's performance.

## A. STANDARD OF REVIEW

Our review of defendant's ineffective assistance of counsel claim is limited to mistakes apparent on the record since he did not move for a new trial or *Ginther*[2] hearing. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective

---

[1] As a police officer explained at trial, "fillers" are individuals placed in a lineup who are not suspects in the case.

[2] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

assistance of counsel claim de novo." *Id.*, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

## B. ANALYSIS

Both the United States and Michigan Constitutions entitle a criminal defendant to the effective assistance of counsel at all critical stages of the proceedings. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Russell*, 471 Mich 182, 187-188; 684 NW2d 745 (2004). "Most claims of ineffective assistance of counsel are analyzed under the test developed in *Strickland*," which requires the defendant to demonstrate prejudice in order to obtain relief. *People v Frazier*, 478 Mich 231, 243; 733 NW2d 713 (2007), citing *Strickland*, 466 US at 687, 690, 694. However, the United States Supreme Court has identified three situations where counsel's performance is so deficient that a presumption of prejudice applies. *Frazier*, 478 Mich at 243; *Cronic*, 466 US at 659.

One such situation is when there is a complete denial of counsel at a critical stage of the proceedings: "The presumption that counsel's assistance is essential requires . . . [the] conclu[sion] that a trial is unfair if the accused is denied counsel at a critical stage of his trial." *Id.*; see also *People v Willing*, 267 Mich App 208, 224; 704 NW2d 472 (2005) ("It is well established that a total or complete deprivation of the right to counsel at a critical stage of a criminal proceeding is a structural error requiring automatic reversal."). "Critical stages of the proceedings are stages where counsel's absence may harm the defendant's right to a fair trial. . . . In other words, the right to counsel applies to preliminary proceedings where rights may be sacrificed or defenses lost." *People v Green*, 260 Mich App 392, 399; 677 NW2d 363 (2004) (quotation marks and citations omitted), overruled on other grounds by *People v Anstey*, 476 Mich 436, 447 n 9 (2006). "Critical stages" also include proceedings "where the results might well settle the accused's fate and reduce the trial itself to a mere formality," *Maine v Moulton*, 474 US 159, 170; 106 S Ct 477; 88 L Ed 2d 481 (1985), or stages that "h[o]ld significant consequences for the accused," *Bell v Cone*, 535 US 685, 696; 122 S Ct 1843; 152 L Ed 2d 914 (2002). Stated differently, a stage is "critical" when "potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel [would] help avoid that prejudice." *Coleman v Alabama*, 399 US 1, 7; 90 S Ct 1999; 26 L Ed 2d 387 (1970). See also *People v Buckles*, 155 Mich App 1, 6; 399 NW2d 421 (1986) ("Once adversary judicial proceedings have been initiated, a defendant's right to counsel extends to every 'critical stage' of the prosecution, i.e., every stage where the accused is confronted, just as at trial, by the procedural system, or by his expert adversary, or by both. *United States v Wade*, 388 US 218; 87 S Ct 1926; 18 L Ed 2d 1149 (1967).").

Critical stages include, *inter alia*, the arraignment, *Coleman*, 399 US at 7, the preliminary examination, *id.* at 9, a pretrial lineup, *Frazier*, 478 Mich at 249 n 20, the entry of a plea, *People v Pubrat*, 451 Mich 589, 593-594; 548 NW2d 595 (1996), and the sentencing hearing, *id.* However, this Court has held that a bond revocation hearing is not a critical stage because "it [does] not have any effect on the determination of [a] defendant's guilt or innocence." *People v Collins*, 298 Mich App 458, 470; 828 NW2d 392 (2012).

Neither the United States Supreme Court nor the Michigan appellate courts have decided whether a hearing on a motion to suppress or exclude a witness identification constitutes a

"critical stage" of the proceedings. However, some federal circuit courts have considered whether a hearing on a motion to suppress evidence is a critical stage.[3] The United States Court of Appeals for the Ninth Circuit has held that "a pretrial motion to suppress evidence is a critical stage of the prosecution requiring the presence of counsel for the accused, because in many cases the crucial issue is the admissibility of evidence found in the defendant's possession." *United States v Hamilton*, 391 F3d 1066, 1070 (CA 9, 2004) (quotation marks and citation omitted). Accordingly, in *Hamilton*, the court held that the taking of testimony at the suppression hearing from the police officer who searched the defendant's car and acquired evidence relevant to the crime violated the defendant's Sixth Amendment right to counsel during a critical stage of the proceedings. *Id*. at 1068-1069, 1071-1072. Similarly, the United States Court of Appeals for the Third Circuit has held that "[a] pretrial hearing considering the suppression of the defendant's confession is such a critical stage because its results might settle the accused's fate and reduce the trial itself to a mere formality." *Henderson v Frank*, 155 F3d 159, 166 (CA 3, 1998) (quotation marks and citation omitted).

Under the circumstances of this case, however, we conclude that defense counsel's absence at the hearing on defendant's motion to suppress the witness's identification of defendant did not constitute a denial of counsel at a "critical stage" of the proceedings. First, the trial court's dismissal of the motion did not result in the prosecution gaining an unfair or improper advantage without counsel present, and defendant did not lose a substantial right. Defendant was merely returned to the *status quo ante*, in which the lineup evidence was admissible at trial unless it was again challenged, as the trial court neither granted nor denied defendant's motion.

Further, during the prosecution's case-in-chief, both the victim of the carjacking and the police officer who performed the live lineup testified regarding the victim's identification of defendant and the circumstances of the live lineup. At that time, defense counsel could have objected to the testimony or in-court identification, or, within the court's discretion, made a motion to suppress the identification evidence. See *People v Carroll*, 396 Mich 408, 412; 240 NW2d 722 (1976); *People v Lee*, 391 Mich 618, 626-627; 218 NW2d 655 (1974); *People v Gentner, Inc*, 262 Mich App 363, 368-369; 686 NW2d 752 (2004). Cf. *People v Larry*, 162 Mich App 142, 156; 412 NW2d 674 (1987).[4] Defense counsel also had an opportunity to thoroughly cross-examine both witnesses regarding the circumstances of the live lineup and the victim's ability to identify defendant.

---

[3] The decisions of federal circuit courts are not binding, but they may be persuasive. *People v Fomby*, 300 Mich App 46, 50 n 1; 831 NW2d 887 (2013).

[4] Additionally, this Court previously held that, in a case where defense counsel "chose to try and show the alleged suggestiveness [of an identification procedure] through vigorous cross-examination of the identifying witness and the police officers present at the on-the-scene identification," the "defendant was neither denied due process nor his right to a fair trial." *People v Tucker*, 86 Mich App 608, 611; 273 NW2d 498 (1978) (quotation marks and citation omitted).

Following that testimony, defense counsel could have moved for a directed verdict on the basis of insufficient identification evidence. Such a motion would have been akin to a motion to suppress if he had contested the sufficiency of evidence proving defendant's identity by challenging the victim's lineup identification of defendant and subsequent in-court identifications on the basis of unduly suggestive lineup procedures. See *People v Kurylczyk*, 443 Mich 289, 302-303; 505 NW2d 528 (1993). Without the victim's identification of defendant, there arguably would have been insufficient evidence of defendant's carjacking and armed robbery charges, as the victim was the *only* witness of the acts giving rise to those charges. See *Collins*, 298 Mich App at 470; *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976) (" 'Identity' . . . is always an essential element in a criminal prosecution . . . ."). Likewise, pursuant to MCR 6.419(A), the trial court had the opportunity to consider *sua sponte* whether the evidence presented was sufficient to support a conviction and could have issued a directed verdict accordingly.

Therefore, the examination of the witnesses at trial effectively presented the question of whether the lineup was unduly suggestive to the trial court, at which time defense counsel was present and had the opportunity to object, make a motion to suppress, further examine the witnesses, or move for a directed verdict on the basis of insufficient evidence of identity. As such, given that defense counsel had subsequent opportunities to address the same issues that were raised in the motion to suppress, the hearing on defendant's motion was not a "preliminary proceeding[] where rights may be sacrificed or defenses lost," *Green*, 260 Mich App at 399, a proceeding "where the results might well settle the accused's fate and reduce the trial itself to a mere formality," *Maine*, 474 US at 170, a stage "that held significant consequences for the accused," *Bell*, 535 US at 696, or a stage as to which "potential substantial prejudice to defendant's rights inheres in the particular confrontation and the ability of counsel [would] help avoid that prejudice," *Coleman*, 399 US at 7. Thus, under these facts, we conclude that defense counsel's complete absence from the suppression hearing did not constitute a complete denial of counsel at a critical stage of the proceedings, such that a presumption of prejudice is not applicable in this case. *Frazier*, 478 Mich at 243; *Cronic*, 466 US at 659.

Next, consistent with defendant's framing of the issue on appeal, we must analyze defendant's claim under the *Strickland* test. In order to prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) defendant was prejudiced, i.e., "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669-671; 821 NW2d 288 (2012), quoting *Strickland*, 466 US at 688, 694. "A defendant must also show that the result that did occur was fundamentally unfair or unreliable." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "Effective assistance of counsel is presumed," and a defendant bears a heavy burden of proving otherwise. *Petri*, 279 Mich App at 410. Likewise, a "[d]efendant must overcome a strong presumption that counsel's performance constituted sound trial strategy." *Id.* at 411.

At trial, defense counsel explained that he experienced medical issues a few days before the hearing on defendant's motion to suppress and was absent from the hearing because his "calendar became chaotic and [he] scheduled over th[e] hearing." Especially in light of this excuse, it is apparent that defense counsel's failure to appear at the motion hearing or notify the

court of his absence constituted representation that fell below an objective standard of reasonableness.

However, defendant has failed to establish that he was prejudiced by defense counsel's deficient performance. Although he asserts that the result of the proceeding would have been different *if* the trial court had suppressed the victim's identification of defendant, he expressly states in his brief on appeal that he "is not suggesting what the lower court's ruling would have been." Likewise, defendant provides no argument on appeal regarding the unduly suggestive nature of the live lineup, or otherwise demonstrating that the trial court would, or should, have granted his motion to suppress.[5] By merely asserting that the outcome of his trial would have been different *if* the identification evidence had been suppressed, without showing—or even arguing—that the trial court would have granted his motion, defendant has not demonstrated the requisite prejudice. *Vaughn*, 491 Mich at 669-671 (quotation marks and citation omitted). Additionally, although he also argues that this Court now does not have the opportunity to review a decision on the motion and determine whether the lineup identification evidence was properly admitted, this claim similarly fails to establish that there is a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's absence.

---

[5] "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority. An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *People v Konopka*, 309 Mich App 345, 366; 869 NW2d 651 (2015).

Nevertheless, in reviewing defendant's motion to suppress in the lower court, it appears that defendant was primarily arguing that the lineup was unduly suggestive because (1) multiple suspects were placed in the same array, (2) one or more police officers allegedly told the victim that the perpetrator of the carjacking was in the lineup, and (3) defendant was singled out because he was only 5'6" while the rest of the fillers were 5'10" or taller. Even if defendant had addressed these arguments on appeal, he still would not have established, in light of the relevant Michigan caselaw, that there is a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's absence. See *People v Sawyer*, 222 Mich App 1, 3; 564 NW2d 62 (1997) ("Physical differences between defendant and the other lineup participants goes to the weight of the identification and not its admissibility. Additionally, the fact a victim is told the attacker is in the lineup does not alone render a lineup unduly suggestive." [Citations omitted.]); *People v Curtis*, 34 Mich App 616, 617; 192 NW2d 10 (1971) (concluding that the defendant failed to show that a lineup including more than one defendant was unduly suggestive); *People v Williams*, 14 Mich App 186, 189-190; 165 NW2d 296 (1968) (finding that a lineup including multiple defendants did not violate a defendant's rights).

Therefore, defendant's ineffective assistance of counsel claim must fail, as defendant has failed to meet his "burden of demonstrating both deficient performance and prejudice." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

## III. CONCLUSION

Defense counsel's absence at the hearing on defendant's motion to suppress the victim's identification of defendant did not result in a violation of defendant's constitutional right to the effective assistance of counsel. Under the circumstances of this case, the hearing was not a critical stage in the criminal proceedings. As a result, we are not required to presume that defendant was prejudiced by counsel's absence. Further, under the relevant two-part inquiry, defendant has failed to establish that there is a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's absence. Therefore, we cannot conclude that defendant is entitled to a new trial on the basis of ineffective assistance of counsel.

Affirmed.

/s/ Michael J. Riordan
/s/ Kathleen Jansen
/s/ Karen M. Fort Hood